UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:02CV00807- DJS |
| ) | |
| BOBBY GARRETT, et al., ) | |
| ) | |
| Defendants. ) | |

## TRIAL BRIEF

### Preliminary Statement

This Trial Brief is submitted on behalf of the only Defendants remaining in this case, the members of the Board of Police Commissioners of the City of St. Louis.  It is submitted on behalf of those former Board members specifically named as Defendants – Wayman Smith, III, Edward Roth, Mark Smith, Leslie Bonds, M.D. and Hon. Clarence Harmon – as well as the present Board members who have been automatically substituted for their predecessors: Mary Nelson, Susan C.J. Rollins, Bartholemew Saracino, Michael Quinn and Hon. Francis Slay.

Further, it addresses only the single issue remaining in this case: whether the Board may be held liable for failing to return certain property seized from Plaintiff.

Defendants also preliminarily advise the Court that, although Plaintiff has thus far submitted no proposed jury instructions, Defendants have submitted a set of proposed instructions, including a verdict director.  Defendants, however, reserve the right to add to, delete and modify their submitted instructions after having an opportunity to review those submitted by Plaintiff.

As an additional preliminary matter, Defendants advise the Court that a copy of the Stipulation

of Uncontested Facts submitted herein was forwarded to Plaintiff for review on December 19, 2003, along with a letter requesting that Plaintiff respond to Defendants' counsel in connection with the submission of said Stipulation.  A copy of the letter – on which the date was inadvertently omitted – is attached hereto.  As of this date, however, Plaintiff has not responded to Defendants' counsel.

**I.     Facts.**

Plaintiff was the co-lessee, along with his aunt, Ms. Cynthia Bingham, of a safe deposit box at the NationsBank branch located at 9075 Goodfellow in the City of St. Louis.  The box was identified as No. 15175.  Plaintiff did not pay any portion of the rent for the box, and did not know by whom the rent was paid.  His name was listed as a co-lessee only because his aunt, Ms. Bingham, agreed to list him after Plaintiff asked her if he could keep his jewelry in the safe deposit box and if he could have a key to the box.

The only jewelry in the box which Plaintiff claims to own was one gold ring with three small diamonds and one chain and one cross pendant.  Plaintiff purchased these items at a pawn shop or pawn shops.  He valued them items at a total of $275.00.  In addition to the three items that belonged to Plaintiff, there were other items of jewelry in the safe deposit box, as well as $1800.00 in cash.  Plaintiff did not know to whom the cash and other jewelry belonged, but surmised that they were the property of Ms. Bingham and/or Ms. Bingham's boyfriend, Mr. Robert Jackson.  Both Ms. Bingham and Mr. Jackson are deceased.  Ms. Bingham is survived by her children.

On July 21, 1999, officers of the St. Louis Police Department obtained a search warrant for Plaintiff's safe deposit box No. 15175.  At the time, NationsBank considered the safe deposit box to have been abandoned by reason of non-payment of rent.  The officers seized all of the contents of the

box – cash and jewelry – in connection with the investigation of one Jerome Watson for controlled substance violation.  Jerome Watson is Plaintiff's uncle and the brother of the late Cynthia Bingham.

Inasmuch as Plaintiff, at his deposition, stated that he did not definitively know the ownership of any of the items in the safe deposit box other than his own, it is fair to say that he has no personal knowledge as to whether any of said other items were owned, possessed or placed in the box by, or at the request of, Jerome Watson.  When Plaintiff's deposition was taken on July 25, 2003, Jerome Watson was in prison, serving out a ten-year sentence.

The first letter Plaintiff wrote to Defendants seeking the return of his property was dated October 28, 2001, more than two years after the seizure.  Plaintiff followed up on that letter with a second letter dated December 18, 2001.  Plaintiff filed no legal action against Defendants with respect to the return of his property except for this action in the United States district court for the Eastern District of Missouri, filed on June 3, 2002.

**II.**     **Parties and Claims.**

Defendants Mary Nelson, Susan C.J. Rollins, Bartholemew Saracino, Michael Quinn and Francis Slay – representing the total current membership of the Board of Police Commissioners of the City of St. Louis – are the only defendants remaining in this action.  The members of the Board – through resignation, expiration of terms, etc. – has changed entirely from what it was when Plaintiff filed this action.  Pursuant to Rule 25, F.R.C.V.P., which provides for automatic substitution, however, Defendants Nelson, Rollins, Saracino, Quinn and Slay are the present Defendants in this litigation.

A number of individual St. Louis police officers were also originally named as Defendants, but all were dismissed by the Court when Plaintiff failed to obtain service upon them.  Certain employees of

3

NationsBank were also originally named as Defendants in this action, but they, too, were dismissed by the Court.

Defendants Nelson, Rollins, Saracino, Quinn and Slay (sometimes hereinafter referred to collectively as "Board") are apparently sued only in their official capacities, as composing the Board of Police Commissioners. While Plaintiff's Complaint fails to designate them as being sued "officially", "individually" or both, Plaintiff makes no allegations that any of the aforesaid Defendants -- or their predecessors -- directly participated in his or her personal capacity in the alleged violation of Plaintiff's constitutional rights. Such individual, direct participation is necessary in order to impose individual liability on a board member pursuant to 42 U.S.C. 1983. Springdale Education Association v. Springdale School District, 133 F.3d 649, 653 (8th Cir. 1998); Hafer v. Melo, 502 U.S. 21, 25 (1991). In the absence of even an allegation of such non-official action, it can be assumed that these Defendants are named in their official capacities only.

Finally, only Count 4 of Plaintiff's four-count Complaint is directed against the Board. The only claim set out against the Board in said Count 4 is that the Board unlawfully failed to return to Plaintiff property seized from Plaintiff's safe deposit box by St. Louis police officers who were employees of the Board.

Thus, Plaintiff is now only proceeding against Defendants Nelson, Rollins, Saracino, Quinn and Slay in their official capacities, and only on the allegations set out in Count 4 of Plaintiff's Petition. (See Order of Court, dated February 7, 2003).

**III.** **Law**.

**Standing.** Before any discussion of whether Plaintiff's constitutional rights were violated by the

Board's alleged failure to return property seized from the safe deposit box, one must address the threshold issue of whether Plaintiff even has standing to raise this issue with respect to any or all of said seized property.

Plaintiff, in his Complaint, claims that his rights were violated by the Board's failure to return all the contents of the safe deposit box – $1,800.00 cash, 11 rings, three chains and one cross. In his deposition, however, Plaintiff admits that, of all the items in the box, he was the owner of only three: one ring, one chain and a cross pendant. He was not certain of the ownership of the remaining items, he said, noting that he believed those items may have been owned by Cynthia Bingham, his aunt, and/or Robert Jackson, Ms. Bingham's boyfriend.

Under Missouri law, in the absence of an express agreement to the contrary, Plaintiff, even though a co-lessee of the safe deposit box, is not entitled to ownership of all the contents of the box upon the death of his co-lessee. Section 362.487.1, R.S.Mo.; In The Estate Of: Frank John Gulat, Deceased, 748 S.W.2d 79, 81 (1988).

Because he is unable, by his own admission, to claim an ownership or possessory interest in most of the contents of the safe deposit box, Plaintiff should have no standing to maintain that his constitutional rights were violated by the Board's alleged failure to return such property to him. The most analogous cases are criminal cases in which courts have denied motions to suppress seized evidence in situations where the criminal defendants could not establish legitimate interests in the seized property. Brown v. United States, 411 U.S. 223, 229-230 (1973); State of Missouri v. Bates, 540 S.W.2d 161, 164-165 (1976).

**Adequate State Post-Deprivation Remedy**. Even with respect to the seized items belonging

to Plaintiff, Plaintiff may not now claim that the Board's retention of said items is a violation of his constitutional rights when Plaintiff failed to avail himself of any of Missouri's perfectly adequate post-deprivation remedies.

Under the law of the State of Missouri, Plaintiff could have sought the return of his seized property -- or its monetary equivalent -- through any one of several methods: 1) a motion for return of seized property pursuant to Section 542.301(2), R.S.Mo.; 2) a civil action for replevin under Section 533.010, R.S.Mo., or 3) a civil action for conversion.

Plaintiff failed to utilize any of the aforesaid state law remedies. In fact, Plaintiff did not even send a written request for the return of the property to the Board until October 28, 2001 – more than two years after the seizure.

The failure to return Plaintiff's property did not occur as the result of any policy of Defendant Board. The St. Louis Police Department has set out specific procedures for returning seized property when it is not contraband or is no longer needed as evidence. These procedures are set out in Special Order 90-S-12. and particularly Subsection III, F, "Return of Property to Claimant", submitted herein as Exhibit E. Rather, any failure or refusal to return said property would have been an unauthorized action or omission by one or more of the Board's employees.

When such a random or unauthorized deprivation occurs, a Section 1983 action will not lie if an adequate state post-deprivation remedy exists. Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

The United States Court of Appeals for the Eighth Circuit, as well as the United States district courts, have, in most cases, held that Missouri affords such adequate post-deprivation remedies as to

6

preclude suit under 42 U.S.C. 1983 for failure or refusal to return property.  Murphy v. City of Joplin, et al., 25 Fed. Appx. 491, 491-492,  2002 U.S. App. LEXIS 1307 (2002);  Allen v. City of Kinloch, 763 F.2d 335, 337 (1985); Monson v. Mulligan, 950 F.Supp. 262, 267 (1996).  Defendants would also refer the Court to Carniglia v. Dearmon, et al., 16 Fed. Appx. 548, 549, 2001 U.S. App. LEXIS 17415 (2001).   Although the decision is unpublished, the factual situation therein is very close to the one in the instant case.

Defendants are well aware of the case of Walter Lathon v. City of St. Louis, et al., 242 F.3d 841 (2001), wherein the Eighth Circuit held that the refusal to return Mr. Lathon's property was not a random or unauthorized act and, moreover, that Missouri's replevin procedure was not an adequate post-deprivation remedy for the return of the seized property.

Defendants submit, however,  that the instant case is distinguishable from Lathon on its facts.

In the first place, the seized property in the instant case is cash and jewelry – not 18 firearms and 21 boxes of ammunition as in Lathon.  The Eighth Circuit's ruling that the retention of these seized objects in Lathon may well have been based on the police department's well-known reluctance to return firearms and ammunition to the street – a factor that is not a consideration in the instant case.

Further, in Lathon, the court's ruling that Missouri's replevin procedure was not an adequate post-deprivation remedy was fact-specific and clearly based on the court's determination that some of the seized property in question – five of the18 seized firearms – had been sent by the St. Louis Police Department to the sheriff's departments of three different Missouri counties.  In support of that determination, the court noted:

> Under Missouri law, a replevin action must be brought in the county

>where the property can be found.  Mo. Rev. Stat. Section 508.020.
>This would require Mr. Lathon to file four separate suits to secure the
>return of his weapons.  We do not believe this constitutes an "adequate"
>remedy.  (Lathon, *supra*, at 844).

Inasmuch as this case is factually distinguishable from Lathon in both regards, Defendants submit that Plaintiff had an adequate post-deprivation remedy – or remedies for that matter – and that he failed to take advantage of any such remedies, waiting instead for more than two years to make a claim for the property and, then, immediately filing this action under 42 U.S.C. 1983.  The courts of Missouri have recognized the unusual fact situation in Lathon and have recognized dispersal of the seized property in that case as a distinguishing factor in subsequent similar actions, holding that, under ordinary circumstances, replevin is, indeed, an adequate post-deprivation remedy.  Although rulings differ, at least one United States district court case, Ronald Jones v. City of St. Louis, No. 4:10 CV 1444 DDN, Order of Court and Memorandum Decision, dated August 6, 2003, also adheres to this line of reasoning.

**IV.**	**Summary.**

Thus, it is Defendants' position that Plaintiff may only state a claim against the Board for at most, failure to return the jewelry he, himself, owned:  one ring, one chain, and one cross pendant.  It is Defendants' further position that, even with respect to those items, the Court should enter its Order of Summary Judgment in favor of Defendants and against Plaintiff because any failure to return Plaintiff's property -- even assuming, *arguendo,* that it was unlawful -- was a random, unauthorized act on the part of Defendants' employees, and also because Plaintiff had an adequate post-deprivation state law remedy which he failed to invoke.

8

PATRICIA A. HAGEMAN, CITY COUNSELOR

/s/ Judith A. Ronzio

---

Judith A. Ronzio                              #7301
Counsel for Defendant, City of St. Louis
314 City Hall
St. Louis, MO  63103
314-622-   FAX:  314-622-4956

**Certificate of Service**

Copy of the foregoing mailed this 30th day of December,  2003, to Gregory Watson, Plaintiff pro se, 5558 Page, St. Louis, MO  63112.


/s/ Judith A. Ronzio, #7301